No. 632 July 1, 2026 257

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Heather BROUGHTON,
*Petitioner-Respondent,*
*and*

Daniel GUSTUS,
*Respondent-Appellant.*

Washington County Circuit Court
24DR04006; A187921

D. Charles Bailey, Jr., Judge.

Submitted April 21, 2026.

Daniel P. Gustus filed the brief *pro se*.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Husband appeals from a general judgment of dissolution of marriage, raising nine assignments of error. Wife does not appear on appeal. Although husband's brief identifies several disagreements with how the trial court ruled—including the court's determination that he was in default for not attending mediation and the subsequent entry of the dissolution judgment without allowing husband to participate at the dissolution trial—the briefing and the underlying record do not establish that the trial court committed any legal error in entering the judgment.[1] *See State v. Cunningham*, 337 Or 528, 538-39, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005) (explaining that appellate courts review questions of law and a trial court's legal conclusions for "legal error"; that is, to determine whether the trial court correctly interpreted and applied the law). Nor do the brief and record identify any discretionary decision by the trial court that was outside the permissible range of discretionary choices. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (recognizing that if a trial court decision was "within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, [then] the trial court did not abuse its discretion").

Having considered the briefing and the pertinent parts of the record identified by husband, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that it is an appellant's duty to identify the specific rulings challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the record on appeal.[2]

---

[1] Husband claims he was defaulted simply for not participating in a mediation. The trial court at least stated that it was defaulting husband for not following a prior order requiring husband to participate in mediation. It is unclear to us what legal authority the court relied upon to default husband. However, husband has not developed an argument for us to determine whether or how the court erred.

[2] *See, e.g.*, ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of husband's arguments, and we are unpersuaded that the trial court erred in the ways claimed. Because husband has not identified any reversible error, we affirm.

Affirmed.